UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>LOS ANGELES GENERAL MEDICAL CENTER, et al.,<br><br>    Defendants. | Case No. 23-cv-03689-DMR<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 2 |

Self-represented Plaintiff Terrance Turner filed 31 cases in this district between July 2023 and December 2023.[1] Three of those cases, which were filed within a six-week period, are before

---

[1] 23-cv-03379-TLT, *Turner v. Dinan Recruiting et al.*
23-cv-03380-DMR, *Turner v. Wholesale Payments et al.*
23-cv-03381-WHA, *Turner v. Valor Merchant Services Company*
23-cv-03383-JSC, *Turner v. Factwise Health et al.*
23-cv-03384-CRB, Turner v. Logos Technologies et al.
23-cv-03385-JST, *Turner v. Stripe Payments Company et al.*
23-cv-03386-CRB, *Turner v. Booze Allen Hamilton*
23-cv-03387-TLT *Turner v. USCENTCOM*
23-cv-03542-MMC, *Turner et al v. Argo Group et al*.
23-cv-03543-AGT, *Turner et al v. Salinas Valley Memorial Hospital et al*.
23-cv-03544-CRB, *Turner et al v. Rose, Klein & Marias et al*.
23-cv-03689-DMR, *Turner v. Los Angeles General Medical Center et al.*
23-cv-03692-AGT, *Turner v. Data Axle Genie et al*.
23-cv-03701-HSG, Turner et al v. Lumio Home Services, LLC Lumio HX et al.
23-cv-03962-JSW, *Turner et al v. Methodist Hospital et al*.
23-cv-04021-LB, *Turner et al v. Moreno et al*.
23-cv-04059-DMR, *Turner v. Massachusetts Bay Insurance Company et al*.
23-cv-04060-TLT, *Turner v. Golderg & Loren et al*.
23-cv-04061-AGT, *Turner v. Denovo Drilling*
23-cv-04062-PHK, *Turner v. Rimon Law et al*.
23-cv-04518-PHK, *Turner v. Federal Trade Commission et al*.
23-cv-04520-SK, *Turner v. Martindale-Nolo et al*.
23-cv-04558-AGT, *Turner v. Bristol Myers Squibb et al*.
23-cv-04622-LB, *Turner v. California Casualty Group*
23-cv-05533-KAW, *Turner v. Keller Williams Realty, Inc. et al*.
23-cv-05553-KAW, *Turner v. Mercury Group Corporation et al*.

the undersigned. *See* Case Nos. 23-cv-3380 DMR; 23-cv-3689 DMR; and 23-cv-4059 DMR. Turner filed applications to proceed in forma pauperis ("IFP") in all three cases and declared under penalty of perjury that the statements in his applications are true and correct.

The three IFP applications are confusing as well as inconsistent. For example:

- Turner filed the IFP application in Case No. 23-3380 DMR on July 20, 2023. [Docket No. 5.] With respect to his last employment and wages, he explains that in his job with Wipro, he made "5,000 a month" before he was fired in May. *Id.* at 1-2. In describing sources of money he received in the past twelve months, he states "I'm aiming for about 2,000 a month from legal clients, had one pay last week $500 trying to get more legal clients specifically in Medical Malpractice, One Pay $500 last night." *Id.* at 2.
- Four days later on July 24, 2023, Turner filed an IFP application in Case No. 23-3689. [Docket No. 2.] This time, in answer to the question regarding his last employment and wages, he doesn't mention Wipro at all. *Id.* at 1-2. With respect to sources of money, he answers "The plan is to use $300 to pay for cheap and possibly very effective leads from a new company that I found that has an excess overflow pipeline of leads that comes from Legal Shield – Pre Paid Legal, for people who want to talk to someone who is NOT their assigned partner law firm. The leads are $5 USD per lead and that is economical enough for me to get started." *Id.* at 2.
- On August 10, 2023, Turner filed the IFP application in Case No. 23-4059. [Docket No. 2.] In this application, he identifies Wipro as his last employer, and explains that he was paid "$3,000 every two weeks and last pay was in April…" *Id.* at 2. With respect to sources of money, he answers "This is a new client $500 for the initial payment." *Id.* at 2.

These responses are part of the troubling pattern of inconsistent and confusing IFP

---

23-cv-05950-SVK, *Turner v. Division of Workers' Compensation et al.*
23-cv-06118-AGT, *Turner v. Taboonsf, Inc et al.*
23-cv-06368-SK, *Turner v. Imprimus Label and Packaging, LLC*
23-cv-06369-TSH, *Turner v. Athene et al.*
23-cv-06473-NC, *Turner v. CAL Property Management*

1 applications filed by Turner in this district. Judge Hixson described this pattern at length in his

2 Report and Recommendation in *Turner v. Athene*, No. 23-CV-06369-TSH, 2023 WL 8813518, at

3 *2 (N.D. Cal. Dec. 18, 2023), which was adopted by Judge Pitts on January 3, 2024 (*see* Docket

4 No. 13).

> If the Court determines dismissal is not appropriate, the undersigned finds his IFP application should be denied because the information he provides in this and the other cases he has filed in this District is inconsistent. In this case, Turner states he was previously "fired" (without saying when) and that he has not received any business, profession, or self employment income in the past 12 months. However, in other cases filed this year, Turner states that clients pay him up to $2,000 to file these lawsuits and for other matters. *See, e.g.*, *Turner v. Factwise Health et al.*, 23-cv-03383-JSC (7/6/23 application); *Turner et al v. Methodist Hospital et al.*, 23-cv-03962-JSW (8/7/23 application); *Turner v. Federal Trade Commission et al.*, 23-cv-04518-PHK (8/31/23 application); *Turner v. Federal Trade Commission*, 23-cv-04518-PHK (8/31/23 application); *Turner v. Bristol Myers Squibb*, 23-cv-04558-AGT (9/5/23 application); *Turner v. California Casualty Group*, 23-cv-04622-LB (9/8/23 application). Turner also contradicts himself within the applications, stating he earned no income in the past 12 months but also stating he earned up to $6,000 per month at times during the year. *See, e.g., Turner v. Keller Williams Realty, Inc.*, 23-cv-05533-KAW (10/27/23 application); *Turner v. Mercury Group Corporation*, 23-cv-05553-KAW (10/27/23 application). In some applications, Turner states he has not worked since May, but inothers he states he was still employed after that time. *See, e.g., Turner v. Dinan Recruiting*, 23-cv-03379-TLT (7/6/23 application); *Turner v. USCENTCOM*, 23-cv-03381-WHA (7/6/23 application). Turner's job history in the past year is also unclear. For instance, on October 27 Turner filed an application stating he "[j]ust got a new job with Go Velocity Merchant Services, first day of work is Monday, next week, and Wipro said they would hire me back as IT Project Manager for a New Brunswick, NJ location, waiting for onboarding to start." *See Turner v. Mercury Group Corporation et al.*, 23-cv-05553-KAW. However, in an application filed two weeks later, Turner makes no mention of either position, once again stating he is not employed and has earned no income in the past 12 months. *See Turner v. Workers Compensation Appeals Board*, 23-cv-05950-SVK.

23 *See also Turner v. Valor Merchant Services Company*, 23-cv-03381-WHA ("Based on the

24 information in the First and Second Applications, the Court finds that Plaintiff has failed to

25 establish that he qualifies for in forma pauperis status because his responses continue to be too

26 confusing and inconsistent to determine whether he is indigent."); *Turner v. USCENTCOM*, 23-

27 cv-03387-TLT (same).

28 Based on the problems identified above, the court is unable to evaluate Turner's IFP

3

1  applications to determine whether he qualifies for IFP status in these three cases.  Accordingly, by
2  no later than January 30, 2024, Turner shall show cause in writing why his IFP applications should
3  not be denied.  Failure to respond by January 30, 2024 in each of the three cases before the
4  undersigned may result in denial of the IFP applications.

**IT IS SO ORDERED.**

Dated: January 16, 2024

_____
Donna M. Ryu
Chief Magistrate Judge